995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick SHAUGHNESSY, Plaintiff-Appellant,
v.
UNITED STATES DISTRICT COURT--SOUTHERN DISTRICT OF
CALIFORNIA; National City Police Department;
Board of Supervisors of County of San
Diego; Moynihan Towing
Company, Defendants-Appellees.
 No. 92-55385.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Shaughnessy appeals pro se the district court's order dismissing his motion pursuant to Fed.R.Civ.P. 60(b)(6). We review the denial of a Rule 60(b) motion for an abuse of discretion. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Shaughnessy's action was dismissed for failure to prosecute on December 11, 1989. Over two years later, he filed his motion for relief under Fed.R.Civ.P. 60(b)(6). The district court dismissed the motion as untimely. Shaughnessy contends that the district court erred in dismissing his Rule 60(b)(6) motion. This contention lacks merit.
 
 
 4
 "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Id. at 1400. A motion under Rule 60(b)(6) may be made within a reasonable time after the entry of judgment for "any other reason justifying relief from the operation of judgment." Fed.R.Civ.P. 60(b)(6); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (1993). Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice. Alpine, 984 F.2d at 1049. Relief under Rule 60(b)(6) requires a finding of "extraordinary circumstances [which] prevented a party from taking timely action to correct an erroneous judgment." Id.
 
 
 5
 Because Shaughnessy's Rule 60(b)(6) motion was filed over two years after the district court dismissed his action, and because he has not shown the "extraordinary circumstances" required to justify relief under Rule 60(b)(6), the district court did not abuse its discretion in dismissing Shaughnessy's Rule 60(b)(6) motion. See id. Further, we do not address the issues Shaughnessy raises with regard to the underlying dismissal, because his appeal from the denial of his Rule 60(b) motion does not bring up the merits of the underlying judgment for review. See Floyd, 929 F.2d at 1400.
 
 
 6
 Shaughnessy also contends that the district court improperly denied his request for appointment of counsel. We disagree. Given the lack of exceptional circumstances or likelihood of success on the merits, the district court did not abuse its discretion by denying Shaughnessy's request for appointment of counsel. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (appointment of counsel under 28 U.S.C. § 1915(d) is left to the sound discretion of the trial court and is granted only in "exceptional circumstances" where the legal issues are complex).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3